Schmoeller v. Schmoeller, 186 Ill. App. 563.

him with living with a married woman in an open state of adultery, *held* that a conviction could be had under the first count only where the woman named was divorced from her husband.

2. ADULTERY, § 7*—*when verdict not responsive to the indictment.* Under an indictment charging a married man with living with an unmarried woman in an open state of adultery and fornication, a verdict finding the defendant guilty of adultery in the manner and form as charged in the indictment, *held* not responsive to the indictment for the reason that it did not find that defendant was guilty of openly living together with the woman named, such being necessary to constitute the crime.

3. ADULTERY, § 3*—*when adultery or fornication constitutes a crime.* The commission of adultery or fornication, however immoral, is not a crime under our statutes; to constitute the crime there must be an open living together by the parties in a state of adultery and fornication.

---

**John B. Schmoeller et al., Appellees, v. Henry Schmoeller, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed May 1, 1914.

## Statement of the Case.

Bill by John B. Schmoeller and Walter Schmoeller against Henry Schmoeller and others for partition of certain real estate formerly owned by their father and· mother, John W. Schmoeller and Lena Schmoeller, both deceased. The bill also asked that Henry Schmoeller be required to account for the rents of a portion of the premises which had been occupied by him after the death of his father, John W. Schmoeller.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

The decree granted the prayer for a partition, directed the payment of certain mortgage indebtedness and also ordered Henry Schmoeller to pay the other parties in interest twenty-five dollars a month. From that portion of the decree requiring the payment of rent, Henry Schmoeller appeals.

B. J. O'Neill, for appellant.

William P. Boynton, for appellees.

Mr. Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. Partition, § 74*—*when decree against an heir for rent cannot be sustained.* On partition between heirs, *held* that a decree requiring an heir in possession of part of the property to pay a certain monthly rental based on an agreement between him and other heirs could not be sustained, where the agreement was not enforceable because one of the adult heirs was not present when the agreement was made and there was no one authorized to act for other minor heirs but *held* that such heir was liable to pay a reasonable rental and the decree was reversed and the cause remanded with directions to ascertain the reasonable rental value.

2. Partition, § 74*—*when decree should charge heirs with use and occupation.* On partition between heirs, an heir in possession since the time of the death of the testator may, in the absence of a legal agreement as to rent for the use of the premises, be required to pay a reasonable rent, and if it should be proved that other heirs occupied the premises with him a portion of the time, they should be decreed to pay their just proportion of the rent according to the length of time they shared in the occupation of the premises.

3. Partition, § 75*—*sufficiency of decree charging part of the heirs with rent.* On partition between heirs where some of the heirs are charged with use and occupation of the premises, the decree should provide that the rent be paid to the master in chancery for distribution among all the tenants in common, each to share in the same in proportion to his interest in the real estate including the ones found liable to pay the same.